**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 2 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FLIGHTBLITZ, INC.; DAVID KAYE, | No. 22-55524 |
| Plaintiffs-Appellants, | D.C. No. 2:21-cv-02116-CBM-KES |
| v. | |
| TZELL TRAVEL, LLC, a New York limited liability company; TZELL HOLDINGS, LLC, a Delaware limited liability company; TRAVEL LEADERS GROUP, LLC, a Delaware limited liability company; TZELL TRAVEL GROUP, LLC, a business entity of unknown form, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Consuelo B. Marshall, District Judge, Presiding

Argued and Submitted August 14, 2023
Pasadena, California

Before: WARDLAW, CHRISTEN, and SUNG, Circuit Judges.

Plaintiffs FlightBlitz, Inc. and David Kaye (together, "FlightBlitz") appeal the district court's dismissal of their Second Amended Complaint ("SAC") for

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

failure to state claims under the Sherman Act, 15 U.S.C. § 1, and the California Cartwright Act, Cal. Bus. & Prof. Code § 16700 *et seq*.  We have jurisdiction under 28 U.S.C. § 1291.  We vacate and remand.

1.	The district court erred in dismissing FlightBlitz's Sherman Act claim.  It is axiomatic that a single entity cannot "conspire" within the meaning of the Sherman Act, 15 U.S.C. § 1.  *Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752, 771 (1984).  The district court dismissed this case under the single entity rule, concluding that as alleged, Defendants and All Star Travel Group ("ASTG") did not constitute distinct business entities.  In reaching this conclusion, the district court relied on our decision in *Freeman v. San Diego Association of Realtors*, which held that "[w]here there is substantial common ownership, a fiduciary obligation to act for another entity's economic benefit or an agreement to divide profits and losses, individual firms function as an economic unit and are generally treated as a single entity" for purposes of liability for antitrust conspiracy under the Sherman Act. 322 F.3d 1133, 1148 (9th Cir. 2003).

Applying the *Freeman* rule, the district court found FlightBlitz's allegation that Defendants held a majority equity stake in non-party ASTG dispositive.  But the district court failed to apply the Supreme Court's decision in *American Needle, Inc. v. National Football League*, 560 U.S. 183 (2010).  There, the Supreme Court rejected a formalistic approach to the single entity analysis and instead required

"functional consideration of how the parties involved in the alleged anticompetitive conduct actually operate." *Id.* at 191. The relevant question is the degree to which Defendants' agreement with ASTG joined together separate decisionmakers and thereby "deprive[d] the marketplace of independent centers of decisionmaking." *Id.* at 195 (citing *Copperweld*, 467 U.S. at 769). Under this functional test, Defendants' majority equity stake in ASTG does not, in and of itself, mandate dismissal under the single entity rule. Instead, *American Needle* requires courts to consider the "competitive reality" of the relationship. *Id.* at 196. And here, FlightBlitz also alleged that ASTG retained independent management control and rights, making it an independent decisionmaker in direct competition with Defendant Tzell in the travel agent independent contractor market.[1] Upon remand, the district court should consider these allegations and apply *American Needle* in the first instance.

2.  For the same reason, the district court also erred in dismissing FlightBlitz's Cartwright Act claim. *See Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 665 n.8 (9th Cir. 2022) (declining to evaluate Cartright Act claims separately because "the analysis of a claim under the Cartwright Act 'mirrors the analysis under federal [antitrust] law.'" (quoting

---

[1] The Second Amended Complaint alleges, *inter alia*, that Defendant Tzell and ASTG had two employees tasked with competing with each other, including over business with FlightBlitz.

3

4

*County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1160 (9th Cir. 2001) (alteration in original)).

      3.      We need not and do not reach FlightBlitz's additional arguments regarding the district court's denial of its motion "for an order denying to exercise supplemental jurisdiction; or, in the alternative, for leave to amend."

      **VACATED AND REMANDED.**